UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MAGNOLIA POINT MINERALS, LLC     CIVIL ACTION NO. 11-cv-0854

VERSUS     JUDGE HICKS

CHESAPEAKE LOUISIANA, LP, ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

This case arises out of the Haynesville Shale natural gas play. Plaintiff, Magnolia Point Minerals, LLC ("Plaintiff"), alleges that Defendant, Chesapeake Louisiana, LP ("Chesapeake") breached a "no cost" provision contained in an addendum to an oil & gas lease between Plaintiff and Chesapeake. Plaintiff argues that the no cost provision should be interpreted to prohibit Chesapeake from deducting post-production costs from Plaintiff's royalty. In ruling on various dispositive motions, Judge Hicks has determined that an examination of extrinsic evidence, include evidence on the custom, pattern, or practice in the industry, is required in order to determine the meaning of the "no cost" provision.

Plaintiff has propounded written discovery to Chesapeake seeking information and documents regarding Chesapeake's leasing practices in North Louisiana, the use of no cost provisions, and Chesapeake's understanding of the industry custom regarding the use of no cost provisions. Plaintiff also issued subpoenas to two lease brokers, J.W. Porter and Beta Land Services, seeking essentially the same information. Chesapeake objects to Plaintiff's

discovery and the subpoenas on numerous grounds, including ambiguity, relevance, undue burden, and privilege.

**Motion to Compel**

Before the court is Plaintiff's **Motion to Compel (Doc. 119)**. The court has reviewed each of the interrogatories and requests that were briefed by the parties. For the reasons that follow, the motion is granted in part and denied in part.

### Discovery Requests Regarding Extrinsic Evidence

As a general matter, Chesapeake's objections to Plaintiff's discovery regarding extrinsic evidence are baseless.

### Ambiguity

Chesapeake objects to several requests on the basis that the requests are unclear or ambiguous. For example, Chesapeake argues that the terms "No Cost Provision" is unclear and requests a legal conclusion, even though Plaintiff defined the term in its requests. That definition makes clear that the term is designed to focus and limit the interrogatories and requests to leases containing language referring to costs, charges, or expenses that might be interpreted as limiting, altering or otherwise affecting what Post Production Costs, if any, are to be borne by the lessor's royalty interest. These requests are not ambiguous. In fact, it is difficult for the court to envision how these requests could have been made more clear.

### Undue Burden

It is not an undue burden to require Chesapeake to identify its North Louisiana leases containing no cost provisions. It may be time consuming to search its databases, but that is

not an undue burden under the circumstances of this case.

**Relevance**

Based on Judge Hicks' rulings, the extrinsic evidence sought by Plaintiff is at the heart of this matter.  For the purposes of discovery, it is highly relevant.

**First Set of Interrogatories**

**Interrogatory 4**:  Denied.  This interrogatory is too broad.

**Interrogatory 5**: Granted.  Chesapeake is ordered to (a) identify each person who participated in the determination of what costs or expenses could be allocated to Plaintiff's royalty interest, and (b) explain how the determination was made.

**Interrogatory 6**: If Chesapeake has not already produced an updated version of this chart, it is ordered to do so.

**Second Set of Requests for Production**

**Request 4**: Denied.  This request is too broad.

**Request 6 & 7**: Granted.  Chesapeake is ordered to produce any documents, including communications, regarding the calculation and creation of the divisions of interest for the lease, as well as the set up and coding of the lease for payment of royalties.

**Second Set of Interrogatories**

**Interrogatory 3**: Granted.  Chesapeake is ordered to provide the information.

**Request 1**: Granted.  Chesapeake is ordered to produce the leases.

**Request 2**: Denied.  The request is too broad.

**Third Set of Requests for Production**

**Request 3 and 4**: Granted in part.  Chesapeake is ordered to produce any policy or procedure manuals for acquiring or administering leases with no cost provisions.

**Request 5 and 6**: Granted in part.  The request is limited to documents that describe or define what were acceptable no cost provisions in lease forms or addenda.

**Request 7**: Granted in part.  The phrase "all documents associated with" is too broad.  Chesapeake is ordered to produce all documents (created since January 1, 2004) that announces or explains any change or proposed change in policy or procedure in dealing with no cost provisions.

**Request 9**: Granted in part.  Chesapeake is ordered to produce any policy or procedure manuals for handling and treatment of no cost provisions.

**Request 10**: Granted in part.  The request is limited to policies or procedure manuals related to allocation of post production costs in leases containing no cost provisions.

**Request 12**: Denied.

**Privilege Log**

Chesapeake is ordered to provide a proper privilege log, if it has not already done so.

**Motions to Quash (Docs. 114 and 115)**

Also before the court are two **Motions to Quash (Docs. 114 and 115)** filed by Chesapeake (on its own behalf and on behalf of the two lease brokers). The motions are denied for the reasons already provided above.  Plaintiff is entitled to the information regarding other no cost leases.  Reasonable steps should be taken to alleviate the burden on

the lease brokers.  To the extent Chesapeake has the documentation sought in the subpoenas, Chesapeake is directed to produce it.  If Chesapeake does not have the documentation, it must say so; and then the lease brokers are directed to produce it.

The fact that the lease brokers will have to make a judgment call regarding which leases contain no cost provisions does not require them to make legal conclusions.  All document requests require the producing party to exercise at least some degree of judgment regarding the responsiveness of documents.

Chesapeake's confidentiality arguments are overruled.  The existing protective order provides sufficient protection.

**Attorneys Fees and Sanctions**

All requests for fees, costs, or sanctions in connection with the discovery motions are denied.

**Deadline**

Unless the parties otherwise agree, the deadline for compliance with this order is March 4, 2015.

**Motion to Exclude Witnesses (Doc. 126)**

Chesapeake has filed a motion to exclude 23 witnesses who were listed by Plaintiff in an amended witness list.   Nineteen of the witnesses pertain to industry custom and usage for no cost provisions.  Chesapeake argues that Plaintiff's amended witness list is untimely and the newly identified witnesses should be excluded.

Chesapeake's Motion to Exclude (which includes a request for sanctions) is denied. However, Plaintiff is directed to pare down its list of 19 custom and practice may call witnesses to no more than six.   If a brief extension of the discovery deadline is necessary as a result of Plaintiff's additional witnesses, counsel shall confer and present a joint motion for an extension to the court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of February, 2015.

Mark L. Hornsby
U.S. Magistrate Judge